**OWNER–OPERATOR INDEPENDENT DRIVERS ASS'N, INC., Petitioner**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**California Air Resources Board, Intervenor.**

**No. 14–1192.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 24, 2015.

Daniel E. Cohen, Paul D. Cullen, Paul Damien Cullen, The Cullen Law Firm, PLLC, Washington, DC, for Petitioner.

Michele L. Walter, John Charles Cruden, U.S. Department of Justice, Washington, DC, for Respondent.

Robert William Byrne, Esquire, Gavin Geraghty McCabe, Office of the Attorney General, State of California, San Francisco, CA, Mark William Poole, California Department of Justice, Oakland, CA, for Intervenor.

Before: GRIFFITH, KAVANAUGH, and WILKINS, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This petition for review of a decision of the Environmental Protection Agency was presented to the Court, and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

**ORDERED and ADJUDGED** that the petition be dismissed.

Pursuant to the Clean Air Act ("CAA"), the Environmental Protection Agency ("EPA") granted California a waiver of federal preemption permitting the state to enforce its own tractor trailer emissions

regulations. 42 U.S.C. § 7543(b). The Owner–Operator Independent Drivers Association, Inc. ("OOIDA") believes the state regulations impermissibly discriminate against out-of-state tractor trailers in violation of the dormant Commerce Clause.

OOIDA brings its constitutional challenge pursuant to section 307(b)(1) of the CAA. 42 U.S.C. § 7607(b)(1) (providing for review of the Administrator's waiver decision). Normally we examine whether the Administrator properly discharged his responsibilities under the CAA according to § 706 of the Administrative Procedure Act. *Motor & Equip. Mfrs. Ass'n, Inc. v. Envtl. Prot. Agency*, 627 F.2d 1095, 1105 (D.C.Cir.1979). OOIDA, however, does not argue that the Administrator's actions were arbitrary or capricious. Its opening brief nowhere addresses the propriety of the EPA decision.

We therefore dismiss the petition for lack of jurisdiction. *See id.* ("If [a] petitioner[ ] dislike[s] the substance of [California's] regulations, or if they believe the procedures the [state] used to enact them were unsatisfactory, then they are free to challenge the regulations in the state courts of California."); *see also Am. Trucking Assocs., Inc. v. Envtl. Prot. Agency*, 600 F.3d 624, 628 (D.C.Cir.2010) (rejecting a similar attempt "improperly to engraft a type of constitutional Commerce Clause analysis onto" an EPA waiver decision). To the extent there is any tension in our case law surrounding whether we might decide a constitutional claim brought within a broader challenge to an EPA waiver decision, OOIDA does not present us with such a challenge, and we have no occasion to resolve that question here.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.